STATE, *ex rel.* B. M. SANDERS, v. J. P. RAMSEY, as Sheriff, of Alachua County

189 So. 39.
Division A.
Opinion Filed May 5, 1939.

*A. Summerlin,* for Petitioner;

*George Couper Gibbs,* Attorney General, *John L. Graham,* Assistant Attorney General, and *Wm. P. Simmons, Jr.,* for Respondent.

THOMAS, J.—In a petition for writ of habeas corpus, B. M. Sanders represented that he was detained of his liberty by respondent, sheriff of Alachua County, by virtue of a warrant charging him with operating a motor vehicle, namely: a Ford Tractor with semi-trailer, on the public highways in the transportation of property for hire, without having made application for or received a certificate of public convenience and necessity.

At a preliminary hearing, on stipulated facts, the committing magistrate ordered respondent to hold petitioner in custody for trial at the next term of the circuit court.

The pertinent facts in the stipulation are: petitioner was transporting unshelled peanuts from Pond Brothers Peanut Company, Inc., "brokers and dealers in peanuts," Suffolk, Virginia, to Bonacker Brothers, Inc., "general wholesale produce dealers and distributors" at Tampa, Florida, in the vehicle mentioned in the petition and without a certificate of public convenience and necessity, although the tractor and semi-trailer bore Florida license plates.

We are asked to decide whether the law is violated by transporting agricultural products for hire in a motor vehicle over state highways without procuring a certificate of convenience and necessity from the railroad commission.

Petitioner cites the last paragraph of Sec. 30, Chapter 14764, Acts of 1931, and emphasizes the part thereof which is italicized:

"Nothing in this Act contained shall be construed or applied to require any private motor vehicle engaged in the transportation of goods, wares or merchandise belonging to the owner or operator of such vehicle to secure a permit or a certificate of Public Convenience and Necessity under the provisions of this Act or to become subject to regulations prescribed by this Act or by the Railroad Commission in respect to common, private contract or for hire carriage, or to pay the mileage tax provided by this Act. Casual or ir-

regular trips by motor vehicles not engaged in the business of for hire carriage but operate (d) under private license *shall not subject such motor vehicles to the provisions of this Act so long as such motor vehicles may not lawfully be required to operate under for hire license tags."* (Secs. 1335 (29) Perm. Supp. C. G. L. 1927).

He reasons that when considered with the following portion of Sec. 1285, C. G. L. 1927, Perm. Supp.:

"Corporations and associations transporting the goods, wares, and merchandise and other personal property of their stockholders, shareholders, and members, cooperative or otherwise, shall be construed as within the definition 'for hire': Provided, however, that vehicles used in the transportation of horticultural and/or agricultural products or used in the transportation of horticultural or agricultural supplies direct to the growers or consumers of said supplies or to associations of said growers and consumers shall not be deemed 'for hire' vehicles within the terms of this law."

The conclusion is unavoidable that petitioner was not operating a vehicle for hire (under the latter), hence was not required to obtain a certificate (under the former).

It is important, in order to properly construe the statutes mentioned and determine their applicability to the facts in this case, to refer to the relevant portion of the first paragraph of Sec. 30, of Chapter 14764, *supra,* which reads as follows:

"Recognizing and declaring that the transportation exempted in this section is casual, seasonal and not on regular routes or schedules, is slow moving, frequently in special equipment, and for comparatively short distances over the improved highways of the State, there shall be exempted from the provisions of this Act, and from Commission jurisdiction and control * * * motor vehicles while engaged exclusively in transporting * * * agricultural * * * products

\* \* \* from the point of production to the point of primary manufacture, or from the point of production to the point of assembling the same, or from either such point of production, primary manfacture or assembling to a shipping point of either a rail, water or motor transportation company, usually and generally serving the territory in which said production, manufacture or assembling takes place."

There is nought in the record to show that the trip being made by petitioner was a casual or irregular excursion in a vehicle not engaged in business for hire and not required to bear "for hire license tags."

The exception in the next quoted Act (Sec. 1285 C. G. L., Perm. Supp.) is that vehicles used in carrying agricultural products or supplies direct to consumers or associations of growers and consumers shall not be considered as used for hire. Again, the record of a carriage of peanuts from a company in Virginia to a company in Tampa seems to fail utterly in bestowing upon petitioner the benefit of this provision, which it is argued places the petitioner's vehicle in the class of those not used "for hire," hence not required to have a certificate because of Section 30 of Chapter 14764, *supra*.

Likewise, we find nothing to support the position that the provisions of the first part of Sec. 30, *Supra,* would afford petitioner any relief from the charge as there was no evidence that the transportation was between points of production, primary manufacture and shipping.

We can discover no classification in which the petitioner may be placed allowing him exemption and entitling him to discharge under the agreed facts.

The writ is, therefore, dismissed and the petitioner remanded to custody of the sheriff of Alachua County.

TERRELL, C. J., and BUFORD, J., concur.

552

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.